## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANK VALENTI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-571-JWD-SDJ** |
| **COBURN SUPPLY COMPANY, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 28, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FRANK VALENTI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-571-JWD-SDJ** |
| **COBURN SUPPLY COMPANY, ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion for Leave to File Plaintiff's First Supplemental and Amending Complaint ("Motion for Leave"), filed on September 11, 2019. (R. Doc. 6). In his Motion for Leave, Plaintiff seeks to substitute Desiree Eppinett (Ray) for previously named defendant Jane Doe.[1] Defendants filed an opposition to Plaintiff's Motion for Leave on September 27, 2019. (R. Doc. 12).

For the reasons that follow, it is recommended that Plaintiff's Motion for Leave be **GRANTED**, allowing Plaintiff to file his First Supplemental and Amending Complaint ("Amending Complaint").[2] Upon granting the Motion for Leave, there will no longer be complete diversity of citizenship between the parties, and the matter should be **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack for subject matter jurisdiction under 28 U.S.C. § 1332(a).

**I.   BACKGROUND**

On August 9, 2019, Plaintiff filed a Petition for Damages against Coburn Supply Company, Inc., ("Coburn Supply"), Liberty Mutual Insurance Company ("Liberty Mutual"), and Jane Doe in

---

[1] R. Doc. 6, p. 1.
[2] R. Doc. 6-2.

the 19th JDC.[3]  In his Petition, Plaintiff alleges that on August 21, 2018, while a customer at Coburn Supply, Jane Doe, an employee of Coburn Supply, "instructed [Plaintiff] to exit the show room from the back of the store to get to the parts house in a separate building located on the premises."[4] Upon exiting a door from the show room "designed for a fork lift/truck loading dock," Plaintiff fell several feet, injuring himself.[5]

On August 28, 2019, Defendants Coburn Supply and Liberty Mutual removed this matter, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[6] Defendants allege that there is complete diversity of citizenship, as Plaintiff is a citizen of Louisiana, Defendant Coburn Supply is a citizen of Texas, Defendant Liberty Mutual is a citizen of Massachusetts, and Jane Doe is a citizen of Louisiana.[7] Although both Plaintiff and Defendant Jane Doe are citizens of Louisiana, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).  Defendants further allege that the amount in controversy exceeds $75,000.00.[8]

On September 11, 2019, Plaintiff filed his Motion for Leave at issue here.  In his attached Amending Complaint, Plaintiff seeks to substitute Desiree Eppinett (Ray) as a named defendant for previously-named defendant Jane Doe.[9]  As stated in his Amending Complaint, Eppinett is a citizen of Louisiana.[10]  Defendants filed an opposition to Plaintiff's Motion for Leave on September 27, 2019, arguing that Plaintiff "has no valid claim against Desiree Eppinett and the purpose of the amendment appears to be for the sole purpose of defeating this Court's

---

[3] R. Doc. 1-1, p. 1 ¶ 1..
[4] R. Doc. 1-1, p. 2 ¶ 4-5.
[5] R. Doc. 1-1, p. 2 ¶¶ 6-7.
[6] R. Doc. 1, p. 2, ¶ 6.
[7] R. Doc. 1, p. 2 ¶¶ 8-11.
[8] R. Doc. 1, p. 3 ¶¶ 12-16.
[9] R. Doc. 6, p. 1 ¶ 1.
[10] R. Doc. 6-2, p. 1 ¶¶ 4-5.

jurisdiction."[11]  Per Defendants, Eppinett is improperly joined "because there is no reasonable basis for this Court to predict that plaintiff might be able to recover against Eppinett."[12]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Per Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." The court liberally construes Rule 15(a) in favor of amendment. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) (noting "the liberal position of the federal rules on granting amendments" and that Rule 15(a) "evinces a bias in favor of granting leave to amend.").

However, when a post-removal amendment would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Addition of a nondiverse defendant will divest the court of jurisdiction. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987).

When determining whether to allow joinder of a non-diverse party under § 1447(e), "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens*, 833 F.2d at 1182. The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be significantly injured if the amendment

---

[11] R. Doc. 12, pp. 1-2.
[12] *Id.* at 2.

is denied; and (4) any other factors bearing on the equities. *Id.*[13] Applying these factors, the *Hensgens* court held the post-removal joinder of a non-diverse, non-indispensable party destroys diversity jurisdiction, and the case must by remanded to state court. *Id.*

With regard to the first *Hensgens* factor, case law indicates that as long as the plaintiff states a valid claim against the new defendant, the principal purpose is not to destroy diversity jurisdiction. *McIntosh v. Costco Wholesale Corp.*, No. 18-9825, 2019 WL 3306532, at *2 (E.D. La. July 23, 2019) (citing *Herzog v. Johns Manville Prod. Corp.*, No. 02-1110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002)). "Under Louisiana law, an employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care." *Johnson, v. Packaging Corp. of Am.*, No. 18-613, 2019 WL 1271053, at *11 (M.D. La. Feb. 27, 2019) (quoting *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013)). "However, a defendant-employee's 'general administrative responsibility' is insufficient to impose personal liability." *Id.* (quoting *Moore*, 732 F.3d at 457). "As the Fifth Circuit has observed, 'evidence of personal fault,' as opposed to a defendant-employee's 'general responsibilities to oversee safety' is 'required to trigger individual liability under Louisiana law'." *McIntosh*, 2019 WL 3306532, at *3 (quoting *Moore*, 732 F.3d at 457). These factors became part of Louisiana state jurisprudence in *Canter v. Koehring Co.*, 283 So.2d 716, 721-22 (La. 1973).

"The Fifth Circuit has recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Johnson*, 2019 WL 1271053, at *9 (quoting

---

[13] Although the Fifth Circuit decided *Hensgens* before the enactment of § 1447(e), the court has subsequently approved the application of the *Hensgens* factors to a § 1447(e) case. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999); *Smith v. Lucas Tire Co., Inc.*, No. 94-2215, 1995 WL 57295, at *2 (E.D. La. Feb. 10, 1995).

*Smallwood v. Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (internal quotations omitted)). For the second way, "the test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood*, 385 F.3d at 573 (internal quotations omitted)). The Fifth Circuit further clarified this standard, finding that a court must determine "whether there is arguably a reasonable basis for predicting that state law might impose liability." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

The burden of persuasion on the defendant who asserts improper joinder is a heavy one. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Even though this burden rests with the removing party, a plaintiff may not rest upon mere allegations in his or her pleadings. *Ross*, 344 F.3d at 462. To determine the validity of an improper joinder claim, a court "may pierce the pleadings and consider summary judgment-type evidence." *Id.* at 462-63 (quoting *Travis*, 326 F.3d at 648-49) (internal quotations omitted)). A court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. Further, a court must resolve all factual disputes in favor of the plaintiff. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). A court also must resolve all ambiguities of state law in favor of the plaintiff. *Ross*, 344 F.3d at 463.

### III.   ANALYSIS

Because the addition of Eppinett as a defendant would destroy this Court's subject matter jurisdiction, the Court must apply the *Hensgens* factors to determine whether amendment of Plaintiff's Petition to add non-diverse defendant Eppinett should be granted and this matter

remanded. In analyzing the first factor, the extent to which the purpose of the amendment is to defeat federal jurisdiction, the Court looks to whether Plaintiff has stated a valid claim against Eppinett.

In his Amending Complaint, Plaintiff alleges that Eppinett "instructed [Plaintiff] that it was okay to exit the show room from the back/side of the store to get to the parts house in a separate building located on the premises."[14] Plaintiff further alleges that prior to and on the date of his injury, Eppinett "was aware that there were two doors that exited the building on that side of the store, in the show room, and was charged with instructing customers/patrons how to traverse the premises from one point to another."[15] Plaintiff asserts at least 17 different claims against Eppinett, including failure to properly warn patrons of the loading dock exit door, failure to follow the training provided by Coburn Supply, failure to explain to Plaintiff where the proper exit was located, and "[i]nstructing [Plaintiff] he could exit the store through the side/back door."[16]

Arguing that Eppinett cannot be held personally liable, Defendants claim that Plaintiff fails to assert that Coburn Supply delegated any duties to Eppinett that she personally breached.[17] Specifically, Defendants note that Plaintiff has not alleged that Eppinett directed Plaintiff to the loading dock rather than to the proper exit door, nor has Plaintiff alleged that Eppinett "knew or should have known that the loading dock door that plaintiff used was unreasonably dangerous."[18] Further, Plaintiff has not asserted that Eppinett was "delegated the duty to assure that the door did not present an unreasonably dangerous condition."[19]

The question of improper joinder here depends on whether Eppinett could arguably be

---

[14] R. Doc. 6-2, p. 5 ¶ 17.
[15] R. Doc. 6-2, p. 6 ¶ 20.
[16] R. Doc. 6-2, pp. 4-5 ¶ 14.
[17] R. Doc. 12, p. 3.
[18] R. Doc. 12, p. 5.
[19] *Id.*

considered personally responsible for Plaintiff's incident. Prior case law provides guidance on this issue. In *Haynes v. Healthcare Servs. Group, Inc.*, this Court found no improper joinder of an employee defendant who, while working as a janitor in a nursing home, sprayed an unknown substance on the floor in which the plaintiff slipped and fell. No. 13-649, 2014 WL 2769080, at *1, 4 (M.D. La. May 30, 2014). Because the plaintiff alleged the employee defendant was personally at fault, *i.e.*, that he was personally responsible for creating the dangerous condition and had personal knowledge of it, this Court found "at least a reasonable possibility that [the defendant employee] may be liable" to the plaintiff. *Id.* at *3, 4. Other courts in this Circuit have reached similar conclusions. *See Jacobs v. Family Dollar, Inc.*, No. 17-1100, 2018 WL 4869452, at *4 (W.D. La. July 11, 2018) (defendant employee who struck plaintiff with a stocking cart was not being improperly joined where plaintiff alleged the personal fault of the employee, rather than "mere 'general administrative responsibility'" and where "disallowing the amendment would potentially injure the plaintiff by stripping her of her cause of action" against the employee); *Lounsbury v. Winn-Dixie La., Inc.*, No. 95-2544, 1995 WL 626211, at *2 (E.D. La. Oct. 20, 1995) (Winn-Dixie employee who walked behind plaintiff, squatting near plaintiff's feet and causing plaintiff to trip, was not an improper defendant because plaintiffs alleged breach of a personal duty by obstructing plaintiff's passage and negligently tripping him, and defendant failed to show plaintiffs had no possibility of a cause of action against the employee).

These cases can be contrasted with those in which courts have not found potential liability under *Canter*, where breaches of general administrative responsibilities were alleged. Defendants cite the following two cases in support of their argument that Eppinett is being improperly joined. In *McIntosh v. Costco Wholesale Corp.*, *infra*, plaintiff, while walking down an aisle in a Costco store, slipped on some liquid on the floor and fell into a stack of sodas. 2019 WL 3306532, at *1.

After the case was removed, Plaintiff subsequently moved to amend her petition to name three additional Costco employees as non-diverse defendants, the duty manager and two "floor walkers" working on the day of the incident. *Id.* The plaintiff alleged that the two floor walkers and duty manager failed to clean up liquid substances known to be on the floor and failed to immediately remedy any unreasonably dangerous conditions in the aisles or on the floors. *Id.* at *3. The court, however, found that the plaintiff's allegations involved "mere 'general administrative responsibility'" and denied the plaintiff's motion to amend. *Id.* at *3, 5.

Similarly, in *Giles v. Wal-Mart Louisiana LLC*, the plaintiff slipped and fell in a hole in a Wal-Mart parking lot. No. 16-2413, 2016 WL 2825778, at *1 (E.D. La. May 13, 2016). The plaintiff filed suit against, *inter alia*, the individual who was working as the manager at the time of the incident. *Id.* at *1. Noting that the plaintiff "generically allege[d] that [the manager] failed to supervise, provide proper safety procedures to Wal-Mart's employees, and maintain the premises in a safe condition" and that the plaintiff did not allege the manager "personally knew or actively contributed to any alleged unsafe conditions," the court, in holding the manager had been improperly joined, found this to be "a classic case of attempting to place liability upon an employee simply because of his general administrative responsibility for performance of some function of employment." *Id.* at *4 (quoting *Rushing v. Wal-Mart Stores, Inc.*, No. 15-269, 2015 WL 1565064, at *4 (E.D. La. Apr. 8, 2015)).

Although Defendants cite the *McIntosh* and *Giles* cases in support of their claim that Eppinett cannot be held personally liable to Plaintiff, this Court finds these cases unpersuasive. Rather, the instant matter more closely follows the fact patterns in the *Haynes*, *Lounsbury* and *Jacobs* cases. Here, according to Plaintiff's allegation, Eppinett instructed Plaintiff that it was okay to exit the show room from the back/side of the store and that she was aware that there were

two doors that exited the building on that side of the store and was responsible for instructing patrons how to "traverse the premises."[20] It has been alleged, therefore, that Eppinett took some personal action and was not merely engaged in general administrative activities. Given that Eppinett instructed Plaintiff where to exit the showroom, and that Defendants have not challenged Plaintiff's factual allegations, the Court, at this point, cannot determine that there is no possibility that Plaintiff could recover from Eppinett. The Court, therefore, does not find that Eppinett is being improperly joined.[21]

In addition, Defendants present no evidence to indicate that Coburn Supply's duties were not delegated to Eppinett, or that Eppinett did not breach them. *See Nata v. Wal-Mart Stores, Inc.*, No. 92-2295, 1993 WL 30300, at *3 (E.D. La. Jan. 29, 1993) (court, upon nothing that defendants submitted no evidence indicating duties not delegated to defendant employees or that they did not breach them, found that it could not say that the plaintiffs had "no possibility" of establishing a cause of action against" defendant employees). Although Defendants argue that Plaintiff does not assert that Coburn Supply delegated to Eppinett any duties that she personally breached, the Court notes that this burden falls on Defendants here and, as previously noted, is a "heavy one." *Travis*, 326 F.3d at 649. They have not met it. The first *Hensgens* factor, therefore, weighs in favor of allowing amendment.

Turning to the remaining *Hensgens* factors, the Court finds that Plaintiff has been diligent in requesting an amendment. Plaintiff filed her Motion within approximately two weeks of

---

[20] R. Doc. 6-2, p. 6 ¶ 20.
[21] Also, here, it it is clear from Plaintiff's Petition that she was attempting to personally name employee Eppinett in her original Petition, as she initially named as a defendant Jane Doe, "who is an employee of [Coburn Supply]." R. Doc. 1-1, p. 1 ¶ 1. *See Jacobs*, 2018 WL 4869452, at *3, (where plaintiff initially named the employee "Allison" as a plaintiff and later moved to amend the complaint to include her full proper name, court found "it is clear from the plaintiff's original petition that she was attempting, even if inartfully so, to personally name a defendant-employee named 'Allison'").

Defendants' removal of the case to this Court.[22] In addition, Plaintiff asserts that Defendants produced Jane Doe's real name on September 11, 2019, the same day he filed this Motion.[23] This factor, therefore, weighs in favor of allowing Plaintiff to amend his Petition.

With regard to the third factor, the Court finds that Plaintiff may be injured if the amendment is denied. In accord with the *Jacobs* court, "disallowing the amendment would potentially injure the plaintiff by stripping" him of his cause of action against Eppinett personally. *Jacobs*, 2018 WL 4869452, at *4. This factor also weighs in favor of allowing the amendment. This Court finds no other factors bearing on the equities, so the fourth factor is neutral. As such, finding that the majority of the *Hensgens* factors weigh in favor of allowing Plaintiff to amend his Petition to substitute Eppinett for Jane Doe as a Defendant, with none weighing against, this Court recommends Plaintiff's Motion be granted and the case be remanded to state court.

### IV.   CONCLUSION AND RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Plaintiff's Motion for Leave to File Plaintiff's First Supplemental and Amending Complaint (R. Doc. 6) be **GRANTED** and this matter be **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on July 28, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[22] Defendants' Notice of Removal was filed on August 28, 2019, and Plaintiff's Motion was filed on September 11, 2019.
[23] R. Doc. 6-1, p. 1.